Miguel Labab LUZA; Gloria Yabut Luza; Michelle Yabut Luza, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–71328.
I & NS No. A70–096–526 A70–096–527 A70–096–528.

United States Court of Appeals, Ninth Circuit.

14. *See Singh v. I.N.S.,* 94 F.3d 1353, 1360 (9th Cir.1996).

15. *See Ghaly v. I.N.S.,* 58 F.3d 1425, 1429 (9th Cir.1995).

Submitted Feb. 5, 2002.*

Decided Feb. 14, 2002.

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM**

Miguel Labab Luza, Jr. ("Luza"), his wife, Gloria Yabut Luza, and their daughter, Michelle Yabut Luza are citizens of the Philippines. They petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") denial of their application for asylum and withholding of deportation. Because the deportation proceedings commenced prior to April 1, 1997, we have jurisdiction pursuant to 8 U.S.C. § 1105a. We deny the petition for review because the record does not compel us to conclude that the New People's Army ("NPA") persecuted Luza, even in part, due to his ideological beliefs.

**1. Standard of Review.**

When the BIA expressly adopts the IJ's decision, as it did here, we review both the BIA's and IJ's decisions. *Scales v. INS*, 232 F.3d 1159, 1162 (9th Cir.2000). We review factual determinations regarding an applicant's statutory eligibility for asylum under an extremely deferential "substantial evidence" standard. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To obtain reversal, Luza must show that "the evidence not only *supports* [his] conclusion, but *compels* it." *Id.; Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). Purely legal determinations regarding the Immigration and Nationality Act ("INA") are reviewed de novo. *Scales*, 232 F.3d at 1162.

**2. The Record Does Not Compel the Conclusion that the NPA was Motivated, Even in Part, by Luza's Actual or Imputed Political Beliefs.**

Persecution based even in part on race, religion, nationality, membership in a particular social group, or political opinion

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

qualifies an alien for asylum. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a) (1994); *Borja v. INS,* 175 F.3d 732, 736 (9th Cir.1999) (en banc). The record reflects that Luza's persecution was based on the NPA's quest for financing and not on any actual or imputed political beliefs. While *Borja* clarified that an economic cause of persecution does not preclude other causes of persecution, Luza's reliance on that case is misplaced. *Id.* at 735–36. In *Borja,* the NPA reacted to Ms. Borja's articulated political opposition by escalating its persecution and demanding money. When she was unable to meet those demands, the persecution turned violent, and while the violence was motivated in part by money, it was predicated on the initial offer of membership and Ms. Borja's subsequent opposition to the cause. Thus it was the sequence of events that compelled a finding of mixed motive or "extortion plus."

*Borja* did not preclude a finding of purely economic motives, stating, "[q]uite possibly, other NPA episodes of robbery and extortion have been purely economic in nature, but this one clearly had mixed motives." *Id.* at 736. Here, the NPA attacked Multiland, not Luza, and sent a threatening letter demanding support addressed to Multiland's sales group, not Luza. Luza did not articulate any political opposition to the NPA, instead he merely ceased operating his business along the targeted route. Multiland trucks were then targeted in another region and Luza began receiving telephone calls demanding support and threatening violence. Luza relies on his testimony that one caller demanded support and stated "[y]ou don't believe in our ideology" to require a finding of an imputed political belief.

A reasonable fact finder is not compelled to find that the telephone call established persecution on statutory, ideological grounds. As the BIA stated, "respondent's statement that the extortionists told him he did not agree with them was at most an afterthought in the extortion campaign against his trucking company." The record does not reveal that the NPA had any reason to threaten Luza other than to extort funds, and the sequence of events does not compel a finding of mixed motivation for the persecution.

Because Luza failed to satisfy his burden of proof for asylum eligibility, he necessarily failed to satisfy the higher standard of proof required for withholding of deportation. *See De Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

PETITION FOR REVIEW DENIED.